UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CMC HEARTLAND PARTNERS, et al., | ) | Case No. 06-04759 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |

NOTICE OF MOTION

TO:   See attached Service List

**PLEASE TAKE NOTICE** that on **August 22, 2006** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Eugene R. Wedoff**, Bankruptcy Judge, in Courtroom 744 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Debtors' Application For Authority To Employ Katten Muchin Rosenman LLP As Special Litigation Counsel And For Approval Of Compensation Arrangement Related Thereto**, a copy of which is attached hereto and shall pray for the entry of an order in conformity with the prayer of said pleading.

Respectfully submitted,

CMC Heartland Partners, et al.

Dated:  August 10, 2006

By: /s/ Matthew A. Swanson
    One of its attorneys

Steven B. Towbin (#2848546)
Robert W. Glantz (#6201207)
Matthew A. Swanson (#6273133)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile
*Counsel for CMC Heartland Partners, et al.*

{5419 LST A0130960.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CMC HEARTLAND PARTNERS, *et al.*, | ) Case No. 06-04759 |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. Eugene R. Wedoff |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused to be served a copy of the attached **Debtors' Application For Authority To Employ Katten Muchin Rosenman LLP As Special Litigation Counsel And For Approval Of Compensation Arrangement Related Thereto** upon the below service list, via U.S. Mail delivery on August 10, 2006.

/s/ Matthew A. Swanson
Matthew A. Swanson

**CMC HEARTLAND PARTNERS, et al., Case No. 06-04759**

## SERVICE LIST

*20 Largest Creditors*

Montana Dept of Environmental Quality
Attn: Laura D. Vachowski
1100 North Last Chance Gulch
Helena, Mt 59620

Edwin Jacobson
Diamond S. Ranch
434 John Pettus Road
Goliad TX 77963

US Borax
Mike Stockman, General Counsel
26877 Tourney Road
Valencia, CA 91355

METRA
Attn: Elizabeth Flood
547 West Jackson, 15th Floor
Chicago, IL 60607

Washington County Treasurer
Attn: Jane Gettleman
432 East Washington Street
West Bend, WI 53095

City of Bozeman
Attn: Tim Cooper, City Attorney
411 East Main Street
Bozeman MT 59771

Harrington's Inc.
3125 West Babcock Street
Bozeman, MT 59718-2651

Monroe County Treasurer
202 South K Street, Room 3
Sparta, WI 54656

Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

SBC
Law Department
225 West Randolph, Suite 27A
Chicago, IL 60607

Mower County Treasurer
Attn: Doug Grah
201 North 1st Street
Austin, MN 55912-3475

People of Illinois
Office of the Attorney General
100 West Randolph
Chicago, IL 60601

US EPA, Region 5
Attn: Tom Krueger
77 West Jackson Blvd.
Chicago, IL 60604-0000

Canadian Pacific Railway
Attn: William Tuttle, General Counsel
501 Marquette Avenue South
Minneapolis, MN 55402-0000

Hennepin County/Marilyn Maloney
A2000 Hennepin County Gov't Center
300 South Sixth Street
Minneapolis, MN 55457-0000

Empire Building Materials, Inc.
P.O. Box 220
Bozeman, MT 59771-0220

Simgraf Corporation
P.O. Box 938
Bozeman, MT 59771-0938

Story Distributing Co.
P.O. Box 1201
Bozeman, MT 59771-1201

***Other Parties Requesting Notice:***

Lawrence Adelson
Charles Harrison
CMC Heartland Partners
53 West Jackson Blvd., Suite 1150
Chicago, IL 60604
Phone: 312-834-0592
Fax:   312-341-9151

American Express
Travel Related Services Co. Inc.
c/o Becket and Lee LLP
Attn: Gilbert B. Weisman
P.O. Box 3001
Malvern, PA 19355-0701
Phone: 610-644-7800
Fax:   610-993-8493

Jolene M. Wise
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, IL 60604
Phone: 312-886-3948
Fax:   312-353-7398

Martin T. Tully
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: 312-902-5457
Fax:   312-577-8674

*Counsel for U.S. Trustee*

Kathryn Marie Gleason
Office of the U.S. Trustee
227 West Monroe Street, Suite 3500
Chicago, IL 60606
Phone:   312-886-3327
Fax:       312-886-5794

*Counsel for General Motors Corporation*

Gregory J. Jordan
Peter J. Schmidt
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone:   312-876-1700
Fax:       866-698-0830

*Counsel for Trinity Railcar Repair, Inc.*

Sara E. Lorber
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603
Phone:   312-346-8000
Fax:       312-269-8869

*Counsel for State of Montana Ex Rel*

Joseph D. Frank
Micah R. Krohn
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60610
Phone:   312-276-1400
Fax:       312-276-0035

R. Allan Payne
Doney Crowley Bloomquist Payne Uda P.C.
Diamond Block, Suite 200
P.O. Box 1185, 44 West 6th Avenue
Helena, MT 59624
Phone:   406-443-2211
Fax:       406-449-8443

*Counsel for EPA*

Alan Tenenbaum
National Bankruptcy Coordinator
Environmental Enforcement Section
Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044
Phone:   202-514-5409
Fax:       202-514-0097

*Counsel for Edwin Jacobson*

Paul M. Bauch
Kenneth A. Michaels Jr.
Carolina Y. Sales
Bauch & Michaels, LLC
53 West Jackson Blvd., Suite 1115
Chicago, IL 60604
Phone:   312-588-5000
Fax:       312-427-5709

Edward T. Joyce
Robert D. Carroll
Edward T. Joyce & Associates, P.C.
11 South LaSalle Street, Suite 1600
Chicago, IL 60604
Phone:   312-641-2600
Fax:       312-641-0360

{5419 MOT A0134539.DOC}                 4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CMC HEARTLAND PARTNERS, *et al.*, | ) | Case No. 06-04759 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 22, 2006 |
| | ) | Hearing Time: 9:30 a.m. |

**DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY KATTEN
MUCHIN ROSENMAN LLP AS SPECIAL LITIGATION COUNSEL AND
FOR APPROVAL OF COMPENSATION ARRANGEMENT RELATED THERETO**

CMC Heartland Partners, and its affiliated debtor entities (together, the "Debtors"),[1] pursuant to 11 U.S.C. §§ 327(e), 328(a) and 1107 and Fed. R. Bankr. P. 2014(a), request the entry of an order authorizing the Debtors to employ Martin T. Tully and the law firm of Katten Muchin Rosenman LLP ("Katten") as their special litigation counsel in connection with certain state-court litigation pending at the time the Debtors filed these chapter 11 cases. In support of this Application, the Debtors respectfully state as follows:

**INTRODUCTION**

On April 28, 2006 (the "Petition Date"), the Debtors filed related petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been administering their estates as debtors in possession pursuant to 11 U.S.C. §§ 323, 1107 and 1108. The Debtors have substantially all of the rights, powers and responsibilities of a trustee in

---

[1] The Debtors include: (1) CMC Heartland Partners, a Delaware general partnership; (2) HTI Interests, LLC, a Delaware limited liability company; (3) Heartland Partners, L.P., a

{5419 MOT A0134539.DOC}

bankruptcy pursuant to 11 U.S.C. § 1107(a). This Court has core jurisdiction to hear and resolve this motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROPOSED EMPLOYMENT OF COUNSEL

Mr. Edwin Jacobson, the Debtors' former president, is plaintiff to an action currently pending against the Debtors in the Circuit Court of Cook County, Law Division, Commercial Calendar (the "Illinois Court"), entitled *Jacobson v. Heartland, L.P., et al*, Case Nos. 02 CH 15160 and 02 L 101591 (the "Illinois Litigation"). Mr. Jacobson has sued the Debtors and their current and former directors for breach of his employment agreement and for defamation. Since the inception of the Illinois Litigation, Katten has been representing the Debtors in addition to certain directors and officers individually named as defendants in the Illinois Litigation.[2] The Debtors anticipate that the automatic stay provisions of 11 U.S.C. § 362 will be modified such that the Illinois Litigation may proceed for the sole purpose of liquidating any claim in the Debtors' cases.

In addition, the Debtors have an action currently pending against Mr. Jacobson in the Superior Court of the State of Delaware, New Castle County (the "Delaware Court") entitled *CMC Heartland Partners v. Edwin Jacobson*, Case No. 03C-02-215 (the "Delaware Litigation"). The Delaware Litigation was commenced in order to collect on a promissory note in the face amount of $375,000 owed by Jacobson. The Delaware Litigation has been pending for several

---

Delaware limited partnership; (4) CMC/Heartland Partners Holdings, Inc., a Delaware corporation and (5) Heartland Development Corporation, a Delaware corporation.

[2] At present, the only remaining individual defendant in the Illinois Litigation is Mr. Ezra Zilkha, one of the Debtors' former directors. The Debtors only seek to retain Katten to represent the Debtors and not Mr. Zilkha personally and only seek to compensate Katten for legal services rendered to the Debtors.

{5419 MOT A0134539.DOC}  2

years and was stayed by the Delaware Court pending resolution of the Illinois Litigation. Katten has also been representing the Debtors in the Delaware Litigation.

As a result of Katten's familiarity with the facts and legal issues in the Illinois and Delaware Litigation, the Debtors believe that Katten's retention is appropriate under the circumstances and is in the best interest of the Debtors' estates and its creditors. In connection with its retention, Katten proposes to render the following legal services to the Debtors, including without limitation:

    (a)    To give the Debtors legal advice with respect to the Illinois Litigation and the Delaware Litigation;

    (b)    To prepare appropriate filings with the Illinois and Delaware Courts in connection with the Illinois and Delaware Litigation;

    (c)    To engage in discovery and all other pre-trial and trial matters on behalf of the Debtors in connection with the Illinois and Delaware Litigation; and

    (d)    To perform any and all other legal services on behalf of the Debtors related to the Illinois and Delaware Litigation.

Neither Katten nor its attorneys have any connection with the Debtors, their creditors or any other party in interest herein and neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed except as specifically set forth in the verified declaration of Martin T. Tully (the "Tully Declaration"), a copy of which is attached hereto as <u>Exhibit A</u>. Accordingly, to the best of the Debtors' knowledge, information and belief, Katten is a "disinterested person" within the scope of 11 U.S.C. § 101(14) as required by 11 U.S.C. § 327(a).

## PROPOSED COMPENSATION OF KATTEN

The Debtors have agreed to compensate Katten according to Katten's standard hourly rates. Katten will also request reimbursement for expenses incurred in connection with its representation. As of January 1, 2006, Katten's hourly rates ranged from $375 to $555 for partners and $225 to $340 for associates working on the Illinois and Delaware Litigation. Katten reviews its rates annually and expects those rates to be adjusted on or after January 1, 2007. In addition, Katten will be compensated and reimbursed pursuant to the Court's May 9, 2006 Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals.

As set forth in the Tully Declaration, Katten understands that any and all compensation for legal services rendered on behalf of the Debtors shall be subject to further Court approval, after notice and hearing. Katten further understands that the sole source of such compensation shall be funds of the Debtors' estates. As set forth in the Tully Declaration, Katten has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b), and no attorney at Katten is a relative of the bankruptcy judge approving Katten's retention as proscribed by Fed. R. Bankr. P. 5002(a).

For the reasons set forth above, the Debtors submit that the proposed employment of Katten to render the legal services in connection with the Illinois and Delaware Litigation is both necessary and appropriate under the circumstances.

## NOTICE

Notice of this Motion was provided to the Office of the United States Trustee and each of the Debtors' twenty (20) largest unsecured creditors. In light of the nature of the relief

{5419 MOT A0134539.DOC}                4

requested, the Debtors request that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

WHEREFORE, the Debtors request that this Court enter an order pursuant to 11 U.S.C. §§ 327(e), 328(a) and 1107(a) and Fed. R. Bankr. P. 2014(a) authorizing them to employ Katten as their special litigation counsel effective as of the Petition Date, approving the compensation arrangement described herein, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

CMC Heartland Partners, *et al.*

Dated: August 10, 2006

By: */s/ Matthew A. Swanson*
    One of its attorneys

Steven B. Towbin (#2848546)
Robert W. Glantz (#6201207)
Matthew A. Swanson (#6273133)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

*Counsel for CMC Heartland Partners, et al.*

{5419 MOT A0134539.DOC}    5

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CMC HEARTLAND PARTNERS, *et al.*, | ) ) | Case No. 06-04759 (Jointly Administered) |
| | ) | |
| Debtors. | ) ) | Hon. Eugene R. Wedoff |

**VERIFIED DECLARATION OF MARTIN T. TULLY PURSUANT TO BANKRUPTCY RULE 2014(a) IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY KATTEN MUCHIN ROSENMAN LLP AS SPECIAL LITIGATION COUNSEL AND FOR APPROVAL OF COMPENSATION ARRANGEMENT RELATED THERETO**

I, Martin T. Tully, pursuant to 28 U.S.C. § 1746, hereby depose and state under the penalty of perjury as follows:

1. I am an attorney in good standing, duly licensed and authorized to practice law in the State of Illinois. I am admitted to practice in the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit. I am also a member of the Trial Bar of the United States District Court for the Northern District of Illinois.

2. I am a partner of the law firm of Katten Muchin Rosenman LLP ("Katten"). In that capacity, I am authorized to submit this declaration in support of the Debtors' Application For Authority To Employ Katten Muchin Rosenman LLP As Special Litigation Counsel And For Approval Of Compensation Arrangement Related Thereto (the "Application")[1] in the chapter 11 cases of CMC Heartland Partners, and its affiliated debtor entities (together the "Debtors").

3. As set forth in the Application, Katten proposes to render the following legal services to the Debtors:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

  (a)  To give the Debtors legal advice with respect to the Illinois Litigation and the Delaware Litigation;

  (b)  To prepare appropriate filings with the Illinois and Delaware Courts in connection with the Illinois and Delaware Litigation;

  (c)  To engage in discovery and all other pre-trial and trial matters on behalf of the Debtors in connection with the Illinois and Delaware Litigation; and

  (d)  To perform any and all other legal services on behalf of the Debtors related to the Illinois and Delaware Litigation.

4.  The Debtors have agreed to compensate Katten according to Katten's standard hourly rates. Katten will also request reimbursement for expenses incurred in connection with its representation. As of January 1, 2006, Katten's hourly rates ranged from $375 to $555 for partners and $225 to $340 for associates working on the Illinois and Delaware Litigation. Katten reviews its rates annually and expects those rates to be adjusted on or after January 1, 2007.

5.  Katten understands that any and all compensation for legal services rendered on behalf of the Debtors during its bankruptcy case shall be subject to further court approval, after notice and a hearing on separate application made therefore. Katten further understands that the sole source of such compensation shall be funds of the Debtors' estates.

6.  To the best of my knowledge, information and belief, Katten does not represent or hold any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which Katten is to be employed as required by 11 U.S.C. § 327(e). In connection with its proposed retention by the Debtors in this case, Katten has researched its client database to determine whether it has any relationships with the Debtors, other parties in interest or any of the twenty largest creditors in these cases. Based on its conflicts search, Katten has determined that it has no connections with the Debtors (other than its prepetition representation of the Debtors), its creditors or any other party in interest herein, except as set forth on <u>Exhibit A</u> hereto ("<u>Unrelated Parties</u>"), and that it neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed. The Unrelated Parties consist of creditors and

2

other parties in interest which Katten has represented or currently represents in matters unrelated to these bankruptcy cases.

7. Katten has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b) and no attorney at Katten is a relative of the bankruptcy judge approving Katten's retention as proscribed by Fed. R. Bankr. P. 5002(a).

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 10, 2006

*/s/ Martin T. Tully*
Martin T. Tully

## **Exhibit A**

Lawrence S. Adelson
American Express
Automatic Data Processing
Budget Rent A Car System, Inc.
Chicago Title Insurance Company
City of Chicago
City of Milwaukee
Colliers Bennet & Kahnweiler
Crawford & Co.
CT Corporation
Robert S. Davis
Fifield Realty Group
Grubb & Ellis
Guardian Life Insurance Company of America
Internal Revenue Service
Jenner & Block
LaSalle Bank, N.A.
Mesirow Insurance Services
Moore Wallace, an RR Donnelly Co.
Pitney Bowes Credit Corporation
PricewaterhouseCoopers
Principal Financial Group
Ricoh Corp.
RSM McGladrey
Sprint Corp.
STS Consultants
The Carlyle Group
John R. Torell III
Trinity Industries, Inc.
US Bancorp
US Bank
Verizon Wireless
Village of Schaumberg
Ezra Zilkha

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CMC HEARTLAND PARTNERS, *et al.*, | ) ) | Case No. 06-04759 (Jointly Administered) |
| | ) | |
| Debtors. | ) ) | Hon. Eugene R. Wedoff |

## ORDER AUTHORIZING DEBTORS TO EMPLOY KATTEN MUCHIN ROSENMAN LLP AS SPECIAL LITIGATION COUNSEL AND FOR APPROVAL OF COMPENSATION ARRANGEMENT RELATED THERETO

Upon consideration of the Application[1] of CMC Heartland Partners, and its affiliated debtor entities, (together, the "Debtors") pursuant to 11 U.S.C. §§ 327(e), 328(a) and 1107 and Fed. R. Bankr. P. 2014(a), for the entry of an order authorizing the Debtors to employ Martin T. Tully and the law firm of Katten Muchin Rosenman LLP ("Katten") as their special litigation counsel in connection with certain state-court litigation pending at the time the Debtors filed these chapter 11 cases; due and proper notice of the Motion having been provided; it appearing that there is good cause to grant the relief requested; and, there being no objection to the relief requested; it is therefore ORDERED as follows:

1. The Application is granted.

2. Notice of the Application as provided for therein is sufficient and further notice is waived pursuant to Fed. R. Bankr. P. 9006.

3. The Debtors are authorized to employ Katten as their special litigation counsel in connection with the Illinois and Delaware Litigation, effective as of the Petition Date, to render the professional services set forth in the Application.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

4. The compensation and reimbursement provisions set forth in the Application are approved.

5. Katten shall be compensated for such services and reimbursed for any related expenses pursuant to the Court's May 9, 2006 Administrative Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals.

6. The Court shall retain jurisdiction to enter an order approving Katten's compensation and expense reimbursement upon separate application made therefor.

ENTER:

Dated:_____

_____
United States Bankruptcy Judge

*Prepared By:*
Steven B. Towbin (#2848546)
Matthew A. Swanson (#6273133)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Ph: (312) 541-0151
Fax: (312) 980-3888

2

CHI02_60486641_1_214590_00100 8/10/2006 10:15 AM